# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD LOUIS COAKLEY, | Case No. 1:13-cv-01702 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| MARGARET MIMS, et al., | |
| Defendants. | |

Plaintiff Todd Louis Coakley ("Plaintiff") is detained at the Fresno County Jail proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 23, 2013.[1]  He names Sheriff Margaret Mims and the Fresno County Jail Medical Department as Defendants.

## A.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on October 31, 2013.

§ 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .

fails to state a claim upon which relief may be granted." 28 U.S.C.

§ 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to

'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual

allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092

(9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or

omissions of each named defendant to a violation of his rights; there is no respondeat superior

liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d

1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim

for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S.

at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

At the time the complaint was filed, Plaintiff was incarcerated at the Fresno County Jail. It is

unclear if Plaintiff is a prisoner or a pretrial detainee.

Plaintiff states he has been diagnosed by his primary care doctor with "liver disease (Hep C),

. . . MSA which is a possible leaking artery, need of l[e]ft knee surgery, [and] having extreme

abdominal pain." Plaintiff alleges he has submitted over 50 medical request slips and a jail

grievance in the three months prior to his filing, but he has not received any response.  Plaintiff

claims extreme lack of medical attention and negligence on the part of the medical department.

**C.**    **DISCUSSION**

    1.    Plaintiff's Status

Plaintiff is housed at the Fresno County Jail, but he does not indicate whether he is a

pretrial detainee or a convicted prisoner.

In cases of deliberate indifference to a serious medical need, a pretrial detainee's rights

are analyzed under the Due Process Clause Fourteenth Amendment, while a convicted prisoner's

rights are analyzed under the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535-36 (1979);

Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County

of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010).  Nonetheless, the standard for claims

brought under the Eighth Amendment has long been used to analyze pretrial detainees'

conditions of confinement claims.  Simmons, 609 F.3d at 1017-18; Clouthier, 591 F.3d at 1242;

Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Therefore, although the ultimate standard is the same, Plaintiff's status dictates the

amendment under which the analysis is made.  If he amends his complaint, Plaintiff should set

forth the nature of his confinement.

    2.    Rule 8 and Linkage

Under section 1983, Plaintiff is required to prove that (1) each defendant acted under color of

state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.

Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must prove that each

defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930,

934 (9th Cir. 2002).  There is no respondeat superior liability under section 1983, and therefore, each

defendant is only liable for his own misconduct.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77 129 S.Ct.

1937, 1948-49 (2009).

Similarly, Federal Rule of Civil Procedure 8 requires sufficient factual detail to allow the

Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556

U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

2009).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkeiwicz v. Sorema, NA, 534 U.S. 506, 512 (2002).  "While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Here, Plaintiff does not link any named Defendant with any conduct.  He names Margaret Mims as a Defendant, but he does not state how Margaret Mims is involved in this action.

Also, Plaintiff cannot name the entire Fresno County Medical Department as Defendants. Rather, he should only name individual defendants who were involved in his care, and against whom he can allege facts to state a claim.

Accordingly, Plaintiff fails to state a claim against any Defendants.

3.   Medical Treatment

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d 1091, 1096 (9th Cir. 2006)).  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations do not demonstrate that any Defendant acted with the requisite state of mind.  Plaintiff contends that he received submitted medical requests, but he does not allege how any Defendants acted with deliberate indifference to a serious medical need.  Ordinary lack of due care,

or even gross negligence, does not constitute deliberate indifference.

Plaintiff has therefore failed to state a deliberate indifference claim against any Defendant.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 17, 2014**                    /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE